FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 0 3 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## DOCUMENTS ASSOCIATED

## WITH CIVIL CASES PENDING

## IN THE

## UNITED STATES DISTRICT COURT

## Northern District of Georgia

## I.   INITIAL DISLOSURES

### A. Plaintiff's Initial Disclosures.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Eric Lee Adams Jr | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | CASENO.: 1:23-cv-4295-ELR |
| | : | |
| Westlake Portfolio | : | |
| Management, LLC | : | |
| Defendant | : | |

### PLAINTIFF'S RULE INITIAL DISCLOSURES

(1) This is an action brought by the Plaintiff, Eric Adams, who is seeking damages from the Defendant, Westlake Portfolio Management, LLC for violation of the Fair Debt Collection Practices Act, Telephone Consumer Protection Act, Fair Credit Reporting Act, and the unlawful repossession of his vehicle. The Defendant has violated each of the previously mentioned statutes in their efforts to collect on an alleged debt that they assert that the Plaintiff owes. The Plaintiff has made multiple attempts to verify that the

alleged debt is owed, however the Defendant has yet to provide any such verifiable evidence of this alleged debt, while continuously violating the statutes mentioned above.

(2) Applicable statutes are as follows: 47 U.S.C. 227(b)(1)(B), 15 U.S.C. 1692g, 15 U.S.C. 1692c(c), 15 U.S.C. 1692e(10), 15 U.S.C. 1692c(a)(1), 15 U.S.C. 1692d(4), 15 U.S.C. 1692d(5), 15 U.S.C. 1692e(4), 15 U.S.C. 1692e(5), 15 U.S.C. 1692f(1), 15 U.S.C. 1692f(6)(A), 15 U.S.C. 1692f(6)(C), 15 U.S.C. 1681s-2(a)(1)(A), 15 U.S.C. 1681s-2(3). Applicable case law are as follows: Pacific Concrete F.C.U v. Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980), GE Capital Hawaii, Inc v. Yonenaka 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super.2000), and Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A.2d 1218, 201 Conn. 1 (1986). See also Solon v. Godbole, 163 I11. App. 3d 845, 114 I1. Matter of Staff Mortg. & Inv. Corp., 550 F.2d 1228 (9th Cir 1977), Carnegie Bank v. Shalleck 256 N.J. Super 23 (App. Div 1992) The Plaintiff reserves his right to add supplemental case law as the case progresses.

(3) Counsel of Westlake Portfolio Management, LLC

285 Peachtree Center Ave

Marquis II Suite 1650

Atlanta, GA 30303

(4) Not Applicable
(5) See Attachment C
(6) See Attachment D
(7) It is unknown to the plaintiff if the defendant has any insurance coverage applicable to the claims in the complaint– such information should be disclosed by the defendant.
(8) Not applicable, the Plaintiff is Pro Se.'

Respectfully submitted 03 November 2023

*Eric Adams*

pro se

## Attachment C

1. Correspondence sent to the Defendant: tangible evidence attached to complaint.
2. Correspondence received from the Defendant: tangible evidence attached to complaint.
3. Call logs and text messages: tangible evidence attached to complaint.
4. A copy of the Plaintiff's consumer reports: tangible evidence.

## **Attachment D**

1. Actual damages of $30,000 for the mental anguish, embarrassment, damage to my reputation, character, and creditworthiness
2. Actual damages for rideshare $269.47.
3. Actual damages for payment made to retrieve the Plaintiff's vehicle from the auction yard $1722.89.
4. Actual damages for payment to have the Plaintiff's vehicle towed from the auction yard to an automotive repair shop $150.
5. Actual damages for payment made for repairs to the Plaintiff's vehicle $362.26.
6. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).
7. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C. § 227(b)(3).
8. Statutory damages of $1,000 per violation of 15 U.S.C. § 1692.
9. Statutory damages of $1,000 per violation of 15 U.S.C. § 1681.
10. Punitive damages as determined by the court.
11. Court fees and attorney fees.
12. Any and all relief determined to be proper.

CERTIFICATE OF SERVICE

 I, the undersigned, Plaintiff, do hereby certify that I have this day mailed, by
Certified Mail and filed directly with the clerk of courts, a true and correct
copy of the above and foregoing Plaintiff's Initial Disclosures to the defendant
below:

Counsel of Westlake Portfolio Management, LLC

285 Peachtree Center Ave

Marquis II Suite 1650

Atlanta, GA 30303

United States District Court
Northern District of Georgia
Atlanta Division
75 Ted Turner Drive, SW
Atlanta, GA 30303

DATED, this the day of November 3, 2023.

_____ Signature of Plaintiff