UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC ADAMS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:23-CV-04295-ELR-RDC |
| | ) |
| WESTLAKE PORTFOLIO | ) |
| MANAGEMENT, LLC, | ) |
|    Defendant. | ) |
| _____ | ) |

## **DEFENDANT WESTLAKE PORTFOLIO MANAGEMENT, LLC'S INITIAL DISCLOSURES**

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE: Defendant Westlake Portfolio Management, LLC ("Westlake") is properly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE: Westlake submits that Snatchmasters LLC is a necessary party to this lawsuit in light of the Plaintiff's allegations of damage to the vehicle during repossession.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

1

**RESPONSE: Plaintiff has not properly alleged that Westlake is a "debt collector" as defined by 15 U.S.C. § 1692a(6) to support his claim for FDCPA violations.**

**Westlake had the right to immediate possession of the vehicle as it was servicing the Plaintiff's account and Plaintiff was in default of his obligations.**

**Any communications Westlake made to Plaintiff after his purported "Cease and Desist" letter met one of the permitted exceptions in 15 U.S.C. § 1692c(c)(2).**

**Plaintiff fails to allege Westlake communicated with Plaintiff at any unusual time or place to constitute a violation of the FDCPA.**

**Plaintiff fails to demonstrate that the volume and pattern of Westlake's calls intended to annoy, abuse, or harass him, especially because most times Westlake called Plaintiff, those calls went to voicemail. Westlake ceased contacting Plaintiff after he requested the calls to stop.**

**Plaintiff fails to allege the necessary elements to support his TCPA claim, including that Westlake used an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1) and interpreted by the United States Supreme Court in *Facebook, Inc., v. Duguid*, 141 S. Ct. 1163, 1170 (2021).**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards, and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE: Plaintiff lacks standing pursuant to Article III of the United States Constitution as he fails to allege a concrete, particularized injury.**

**Westlake identifies the TCPA and FDCPA as applicable to this action as Plaintiff alleges Westlake violated these statutes. Westlake invokes and asserts all defenses created by and under the TCPA and FDCPA.**

**Westlake also states that Plaintiff consented to receiving communications to his cell phone in writing under the terms of the Retail Installment Sales Contract ("RISC") between the parties.**

2

(5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of information.

**RESPONSE: Westlake identifies the following witnesses likely to have discoverable information that it may use to support its claims and defenses:**

| NAME | SUBJECT OF INFORMATION |
| --- | --- |
| Plaintiff Eric Adams, pro se 1650 Anderson Mill Rd., Apt. 14204, Austell, GA 30106 | Plaintiff has knowledge of the subject transaction resulting in the debt between him and U.S. Auto and its subsequent servicing transfer to Westlake; the financing of the vehicle, communications with Westlake, all payments made on the subject loan, repossession of the Vehicle, and all allegations made in the Second Amended Complaint. |
| Defendant WESTLAKE PORTFOLIO MANAGEMENT, LLC's corporate representative(s), c/o Rutherford & Christie LLP, 285 Peachtree Center Avenue NE, Marquis II, Suite 1650, Atlanta, GA 30303 | This individual will have knowledge of the account with Plaintiff, actions taken with respect to that account, specifics of Plaintiff's account and communications with the Plaintiff. |
| Representative(s) of Snatchmasters LLC, 9999 Tara Blvd., Jonesboro, GA 30236 | This witness will likely have knowledge with respect to the subject vehicle's repossession. |

(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in FED. R. CIV. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**RESPONSE: Westlake has not yet determined whether it will retain any experts because discovery has not yet commenced and this matter is still in the pleadings stage.**

(7)   Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**RESPONSE: Production of documents is premature at this time because Plaintiff fails to state a claim upon which relief can be granted.**

(8)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under FED. R. CIV. P. 34.

**RESPONSE: Westlake reserves the right to bring a counterclaim against Plaintiff for breach of contract because of Plaintiff's failure to make his regular monthly payments. There currently exists a charged-off balance of $25,575.92 on Plaintiff's account.**

(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or Westlake in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE: Westlake submits that Snatchmasters LLC would be liable for any alleged damage that the vehicle sustained during the course of the repossession.**

(10)   Attach for inspection and copying as under FED. R. CIV. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**RESPONSE: Not applicable.**

Respectfully submitted,

*/s/ Carrie L. Christie*
Carrie L. Christie, Esq.
Georgia State Bar No. 125248
Jaime A Steinhaus, Esq.
Georgia State Bar No. 826961
285 Peachtree Center Avenue NE
Marquis II, Suite 1650
Atlanta, GA 30303
Phone: (404) 522-6888
Fax: (404) 522-0108
info@rclawllp.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of November, 2023, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jaime A. Steinhaus*
JAIME A. STEINHAUS