UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC ADAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: 1:23-CV-04295-ELR-RDC ) |
| WESTLAKE PORTFOLIO MANAGEMENT, LLC, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT WESTLAKE PORTFOLIO MANAGEMENT, LLC'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT [DE 11] AND COUNTERCLAIM**

Defendant Westlake Portfolio Management, LLC ("Westlake") files this Amended Answer to Plaintiff Eric Adams' ("Plaintiff") Second Amended Complaint [DE 11] and Counterclaim, and states:

**Cause of Action[1]**

Westlake admits that Plaintiff asserts claims under the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), but denies that such claims have merit.

---

[1] Westlake's inclusion of the Second Amended Complaint's headings is strictly for ease of reference.

## Jurisdiction and Venue

The allegations in this section set forth legal conclusions to which no response is required. To the extent a response is required, Westlake denies the allegations.

## Parties

1. Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

2. The allegations set forth legal conclusions to which no response is required.

3. The allegations set forth legal conclusions to which no response is required. To the extent a response is required, Westlake denies the allegations.

4. Admitted.

## Statements and Factual Allegations

5. Westlake admits that it sent correspondence to Plaintiff on or about May 24, 2023, and that Plaintiff owed a balance. Westlake denies the remaining allegations.

6. Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Westlake denies it called Plaintiff without consent. Westlake lacks knowledge or information sufficient to form a belief as to the remaining allegations.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Westlake admits that it sent Plaintiff a letter on or about July 30, 2023. Westlake denies the remaining allegations.

20. Westlake admits it repossessed Plaintiff's vehicle. Westlake denies the remaining allegations.

21. Westlake admits that on or around August 20, 2023, it mailed Plaintiff a letter relating to its plans to sell the repossessed vehicle. Westlake denies the remaining allegations.

22. Westlake admits that on or around August 31, 2023, Plaintiff made a payment on his account. Westlake denies the remaining allegations.

23. Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Denied.

## COUNT I: VIOLATIONS OF FDCPA

25. Westlake incorporates its responses to the preceding paragraphs.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT II: VIOLATIONS OF TCPA

39. Westlake incorporates its responses to the preceding paragraphs.

40. Denied.

41. Denied.

42. Denied.

## AFFIRMATIVE DEFENSES

1. **Set-Off**. Any damages Plaintiff is entitled to must be set off by the outstanding balance on Plaintiff's account.

2. **Bona Fide Error**. Any violation of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. 15 U.S.C. § 1692k(c).

3. **Bad Faith**. This action was brought was brought in bad faith and for the purpose of harassment, thus entitling Westlake to recover its attorney's fees and costs. 15 U.S.C. § 1692k(a)(3).

4. **Standing**. Plaintiff's claims fail for lack of standing because he has not suffered actual damages.

**WHEREFORE**, Defendant respectfully prays as follows:

a) That the Plaintiff's Complaint be dismissed on the grounds set forth above and all costs casts against the Plaintiff;

b) In the alternative, that judgment be granted in favor of Defendants on

all counts; and

c)  For such other and further relief that the Court deems just and proper.

## COUNTERCLAIM

Westlake sues Plaintiff, and alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for damages and equitable relief brought pursuant to this Court's supplemental jurisdiction. 28 U.S.C. § 1367(a).

2. Westlake is a foreign limited liability company authorized to conduct business in Florida.

3. Plaintiff is an individual over 18 years of age, not in the military service of the United States or its allies, a resident in the Southern District of Florida, and *sui juris*.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving to rise to Westlake's claims occurred here.

### GENERAL ALLEGATIONS

5. On or about January 7, 2023, Adams executed a Motor Vehicle Retail Installment Sales Contract (the "Contract") in connection with his purchase of a 2018 Kia Forte, VIN 3KPFL4A79JE175120 (the "Vehicle"), from U.S. Auto Sales,

6

Inc. ("Dealer"). A copy of the Contract is attached as Exhibit A. The Vehicle was used as security for the loan.

6. Pursuant to the Contract, Adams was required to remit biweekly payments of $240.43 beginning February 18, 2023. Ex. A at 1.

7. In or around May 2023, Westlake began servicing the Contract.

8. The Contract contains the following language:

> **Default**. I will be in default if:
> - I do not pay any amount when it is due;
> - I break any of my promises in this contract;

Ex. A at 4–5.

9. The Contract further states in part:

> **Repossession.** If I default, you may repossess the motor vehicle from me if you do so peacefully.

Ex. A. at 5.

10. The Contract also states:

> **Collection Costs:** If you hire an attorney who is not your salaried employee to enforce this contract, I will pay attorney's fees equal to 15% of the principal and interest owed under this contract and court costs as applicable law allows.

11. While servicing the Contract, Westlake only received one payment from Adams, which was on August 31, 2023.

12. Adams failed to remit any payments to Westlake thereafter.

13. All conditions precedent to the filing of this action have been performed.

14. Westlake had to engage the undersigned attorneys and is obligated to pay a reasonable fee for their services.

## COUNT I: Breach of Contract

15. Westlake realleges paragraphs 1–14.

16. Adams materially breached the Contract by failing to remit all required payments.

17. As a result of Adams's material breach, Westlake has been damaged.

## COUNT II: Replevin

18. Westlake realleges paragraphs 1–14.

19. This is an action to recover possession of personal property in Austell, Georgia.

20. The description of the property is: a 2018 Kia Forte, VIN 3KPFL4A79JE175120.

21. Westlake is entitled to the possession of the Vehicle pursuant to the Contract.

22. To Westlake's best knowledge, information, and belief, the Vehicle is located at 1650 Anderson Mill Road, Austell, GA 30106.

23. The Vehicle is being wrongfully detained by Adams. Adams came into possession of the Vehicle by purchasing it from Dealer, but defaulted on the Contract secured by the Vehicle.

24. The Vehicle has not been taken for any tax, assessment, or fine pursuant to law.

25. The Vehicle has not been taken under an execution or attachment against Westlake's property.

WHEREFORE, Westlake demands judgment against Adams for damages, interest, court costs, attorney's fees, and costs, plus all other relief this Honorable Court deems necessary and just.

Respectfully submitted this 13th day of May, 2024.

RUTHERFORD & CHRISTIE LLP

*/s/ Jeffrey R. Scheese*
Carrie L. Christie
Georgia State Bar No. 125248
Jeffrey R. Scheese
Georgia State Bar No. 432753
*Attorneys for Defendant Westlake Portfolio Management, LLC*

Rutherford & Christie LLP
285 Peachtree Center Avenue NE
Marquis II, Suite 1650
Atlanta, GA 30303
info@rclawllp.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1B. This pleading has been prepared in Times New Roman font, 14 point.

*/s/ Jeffrey R. Scheese*
Jeffrey R. Scheese
Georgia State Bar No. 432753

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2024, I electronically caused the foregoing document to be filed with the Clerk if Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jeffrey R. Scheese*
Jeffrey R. Scheese
Georgia State Bar No. 432753