**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ERIC LEE ADAMS JR.,                    )
                                                        )
        Plaintiff,                              )
                                                        )
v.                                                    ) CASE NO.: 1:23-CV-04295-ELR-RDC
                                                        )
WESTLAKE PORTFOLIO                )
MANAGEMENT, LLC,                    )
        Defendant.                          )
_____)

## MOTION TO COMPEL DISCOVERY RESPONSES

COMES NOW Plaintiff, Eric Lee Adams Jr., files this Motion to Compel

Discovery Responses from Defendant, Westlake Portfolio Management, LLC,

pursuant to Federal Rule of Civil Procedure 37(a) and Northern District of Georgia

Local Rules 5.1 and 37.1. Plaintiff respectfully requests that the Court compel

Defendant to provide complete responses to Plaintiff's discovery requests, as

detailed below.

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 37.1(A), Plaintiff certifies that he has attempted to  confer

with Defendant's counsel in a good faith effort to resolve these discovery disputes

without court intervention. On October 22, 2024, Plaintiff sent a detailed email

1

explaining the relevance of the discovery requests. Despite these efforts, Defendants failed to respond.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

### I.    INTRODUCTION

Plaintiff seeks to compel Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, initially served on July 8, 2024, and revised on September 9, 2024. Defendant provided incomplete responses, asserting boilerplate objections without basis. Plaintiff's requests are directly relevant to the issues in this case and proportional to the needs of discovery.

### II.    BACKGROUND

**1. Plaintiff's Discovery Requests**

Plaintiff served the First Set of Interrogatories and Requests for Production on July 8, 2024. Defendant responded on August 23, 2024, with incomplete answers and numerous objections.

## 2. Revised Discovery Requests

On September 9, 2024, Plaintiff served a revised set of Interrogatories and Requests for Production to clarify the requests. Defendant's responses, served on October 10, 2024, continued to lack full disclosure and included boilerplate objections.

## 3. Good Faith Efforts to Resolve

Plaintiff emailed a letter on October 22, 2024, explaining the requests in detail and clarifying their relevance. Despite these efforts, Defendant's failed to respond.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. See FED. R. CIV. P. 37(a)(3)(B)(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Federal Rules of Civil Procedure 26(b) and 34(b) have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless

3

otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs *505 its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1)

## IV. SPECIFIC DISCOVERY REQUESTS IN DISPUTE

### A. Revised Set of Interrogatories

1. **Interrogatory No. 2: Location of Original Contract**

   a. *Request*: "Identify the location of the original Retail Installment Contract in this case from the date of origination to the present including the name of each entity possessing the documents in the Chain of Title."

4

b. *Response*: "Westlake objects to this interrogatory as it is overly broad, unduly burdensome and seeks information that is not relevant to any party's claim or defense."

c. *Argument*: Plaintiff contends that this information is essential to establish the chain of title and verify Defendant's standing in this matter. "A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. See Merrill v. Waffle House, Inc., 227 F.R.D. 475, 477 (N.D.Tex.2005); see also S.E.C. v. Brady, 238 F.R.D. 429, 437 (N.D.Tex.2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

2. **Interrogatory No. 3: Entities with Interest in Debt**

a. *Request*: "List each entity who now has or has ever had any interest in the debt, including but not limited to, any broker, trustee, investor, trustee under a pooling and servicing agreement, master servicer, primary servicer, subservicer, default servicer, specialty servicer, or any similar party. Identify each party's name, address, and telephone number, describe each party's interest in the transaction, state the date

it obtained that interest, the date it relinquished that interest, and the identity of the entity to which it relinquished that interest, and state the nature and amount of all consideration it received or disbursed in connection with obtaining or relinquishing that interest."

b. *Response*: "Westlake objects to this interrogatory as it is overly broad, unduly burdensome, and not proportional to the needs of the case and contravenes this Court's directives concerning discovery. See Guidelines for Discovery and Motion Practice [ECF No. 4]."

c. *Argument*: Plaintiff needs this information to establish the chain of ownership, relevant to the claims in this case. The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. See McLeod, 894 F.2d at 1485. And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. See Dolquist v. Heartland Presbytery, 221 F.R.D. 564, 568 (D.Kan.2004); Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662 (D.Kan.1999).

3. **Interrogatory No. 5: Current Holder of Contract**

6

a. *Request*: "Please identify the current holder of the CONTRACT in this case and when the contract was received and from whom."

b. *Response*: "Westlake objects to this interrogatory as it is overly broad, unduly burdensome and seeks information that is not relevant to any party's claim or defense."

c. *Argument*: Knowing the current holder is directly relevant to Defendant's rights to enforce the contract. "A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee." (Punctuation and footnote omitted.) *Nyankojo v. North Star Capital Acquisition*, 298 Ga.App. 6, 8, 679 S.E.2d 57 (2009).

## B. Initial Set of Interrogatories

### 1. Interrogatory No. 11: Transfer History

a. *Request*: "Please state the date of every assignment, sale, or transfer of the debt from the Original Lender to a secured trust, ABS or SLABS. ***Please do not just point to a pool of debts, numerous debts not part of the lawsuit here. Plaintiff requests all the dates of all the assignments, transfers and/or sale documents evidencing every sale,

7

assignment or transfer of the SPECIFIC DEBT OF THE PLAINTIFF ONLY."

b. *Response*: "Westlake objects to this Interrogatory to the extent it uses the word 'every' as this language is overly broad, unduly burdensome, and contravenes this Court's directives concerning discovery. Moreover, this request is vague, duplicative, argumentative, and seeks information that is not relevant to any party's claim or defense. See FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4] ('Argumentative or catch-all requests, such as "all documents which support your claims/defenses," are objectionable.')."

c. *Argument*: This request is specifically limited to Plaintiff's debt, making the "overbroad" objection meritless. "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. See McLeod, 894 F.2d at 1485. And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." See Dolquist v. Heartland Presbytery, 221 F.R.D. 564, 568 (D.Kan.2004); Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662 (D.Kan.1999).

2. **Interrogatory No. 12: Ownership Status**

   a. *Request*: "Does Westlake own the 1) debt or 2) evidence of indebtedness or 3) the receivables or all three rights and please identify the document that shows evidence of response to this interrogatory with both Westlake Portfolio Management, LLC and all owning entities' signatures on it."

   b. *Response*: "Westlake objects to this Interrogatory as it is vague, argumentative, and seeks information that is not relevant to any party's claim or defense and contravenes this Court's directives concerning discovery. See FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4] ('Argumentative or catch-all requests, such as 'all documents which support your claims/defenses,' are objectionable.')."

   c. *Argument*: Ownership status is essential to verify Defendant's right to collect the debt. "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. See McLeod, 894 F.2d at 1485. And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." See Dolquist v. Heartland

9

_Presbytery_, 221 F.R.D. 564, 568 (D.Kan.2004); _Cotracom Commodity Trading Co. v. Seaboard Corp._, 189 F.R.D. 655, 662 (D.Kan.1999).

3. **Interrogatory No. 15: Collection Call Information**

    a. _Request_: "Please provide the names and locations of each employee of Westlake Portfolio Management, LLC employee who placed a phone call to the Plaintiff's cell phone and the reason for their call."

    b. _Response_: "Westlake objects to this Interrogatory as it is argumentative and seeking information that is not relevant to any party's claim or defense. Further, this interrogatory contravenes this Court's directives concerning discovery. See FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4]."

    c. _Argument_: Identifying employees who made calls is relevant to any claims about improper collection practices. "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. See McLeod, 894 F.2d at 1485. And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." _See Dolquist v. Heartland Presbytery_, 221 F.R.D. 564, 568 (D.Kan.2004); _Cotracom_

10

Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662

(D.Kan.1999).

## C. Revised Requests for Production of Documents

1. **Request for Production No. 1: Specific Assignment of Debt**

   a. *Request*: "The SPECIFIC assignment or transfer of the debt from the original creditor U.S. Auto Sales, INC. to U.S. Auto Finance, INC with the account number of the debt in the assignment and name of the Plaintiff in the assignment and the date of assignment along with the documentation authorizing the parties to commence said assignment or transfer."

   b. *Response*: "Westlake objects to this request as it is harassing and duplicative of Plaintiff's first previous request for production. Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case."

   c. *Argument*: Documentation of this specific assignment is critical to verify the debt's legal transfer. "A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for

11

the contractual right to be enforceable by the assignee." (Punctuation and footnote omitted.) *Nyankojo v. North Star Capital Acquisition, 298 Ga.App. 6, 8, 679 S.E.2d 57 (2009)*.

2. **Request for Production No. 2: Assignment and Transfer Documents**

   a. *Request*: "Please provide the SPECIFIC transfer, assignment, or sales documents along with the dates showing the transfer, assignment, or sale of the subject debt in this case between U.S. Auto Finance, INC, U.S. Auto Warehouse-003, LLC, and Westlake Portfolio Management, LLC along with the documentation authorizing the parties to commence said assignment or transfer."

   b. *Response*: "Westlake objects to this request as it is harassing and duplicative of Plaintiff's previous request for production. Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case."

   c. *Argument*: These documents are directly relevant to establishing the debt's chain of title. "As the Court explained in Heller v. City of Dallas, 303 F.R.D. 466 (N.D.Tex.2014), general objections like these are invalid. Objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. See id. at 483. Amended Federal Rule of Civil Procedure

34(b)(2) effectively codifies this requirement, at least in part: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). Orchestrate HR, Inc. v. Trombetta, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), objections overruled sub nom.Orchestratehr, Inc. v. Trombetta, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016)

3. **Request for Production No. 8: Collection Records**

   a. *Request*: "Please provide a full and complete copy of the collection notes, reports, memos, statements, entries, data records, computer records, collection contacts, collection reports or other documents generated in the collection of the specific debt in question."

   b. *Response*: "Westlake objects to this Request as it is overly broad, unduly burdensome, and goes against this Court's directives concerning discovery. See previously produced account records."

   c. *Argument*: This request seeks specific collection actions, necessary to determine Defendant's conduct regarding this debt. "The party resisting discovery must show specifically how each discovery request is not relevant

13

or otherwise objectionable. See McLeod, 894 F.2d at 1485. And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." See Dolquist v. Heartland Presbytery, 221 F.R.D. 564, 568 (D.Kan.2004); Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662 (D.Kan.1999).

4. **Request for Production No. 10: Chain of Title Documents**

   a. *Request*: "Please provide all documents showing the chain of title of the SPECIFIC DEBT from the Original Creditor to the Defendant plans to introduce at trial."

   b. *Response*: "Westlake objects to this request as it is harassing and duplicative of Plaintiff's previous request for production. Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case."

   c. *Argument*: Chain of title documents are directly relevant to Defendant's authority to pursue collection.  "A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be

14

enforceable by the assignee." (Punctuation and footnote omitted.) *Nyankojo v. North Star Capital Acquisition, 298 Ga.App. 6, 8, 679 S.E.2d 57 (2009)*.

5. **Request for Production No. 14: Forward Flow Agreement**

a. *Request*: "Please provide the Forward Flow Agreement between U.S. Auto Finance, INC and Westlake Portfolio Management, LLC showing the specific account/debt of the Plaintiff."

b. *Response*: "Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not relevant to the needs of the case."

c. *Argument*: This agreement is critical to confirm Defendant's authorization to service Plaintiff's debt. The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. See McLeod, 894 F.2d at 1485. "And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." See Dolquist v. Heartland Presbytery, 221 F.R.D. 564, 568 (D.Kan.2004); Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662 (D.Kan.1999)

## V. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court;

15

(1) Grant this Motion to Compel;

(2) Order Defendant to provide complete responses to the discovery requests identified herein within fourteen (14) days;

(3) Grant such other and further relief as this Court deems just and proper;

(4) If this Court finds that the filing of this motion is untimely, Plaintiff respectfully requests leave to file the motion out of time for good cause shown. Plaintiff has diligently pursued these discovery matters and the requested information is essential to prove Plaintiff's claims and defend against Defendant's counterclaim. Granting leave would serve the interests of justice and cause no undue prejudice to Defendant.

Respectfully submitted this 4th day of November 2024.

Eric Lee Adams Jr.
1650 Anderson Mill Rd
Apt 14204
Austell, GA 30106
404-580-2820
Ericadams452@gmail.com

16

## CERTIFICATE OF SERVICE

I, the undersigned, Plaintiff, do hereby certify that I have this day filed this Motion to Compel Discovery with the United States District Court Northern District of Georgia Atlanta Division and mailed, by Certified Mail, a true and correct copy of the above and foregoing Motion to Compel Discovery to the defendant below:

Counsel of Westlake Portfolio Management,LLC

285 Peachtree Center Avenue

Marquis II Suite 1650

Atlanta, GA 30303

DATED, this the 4th day of November, 2024.

17

Case 1:23-cv-04295-ELR     Document 56     Filed 11/05/24     Page 18 of 46

 Gmail

**Eric Adams <ericadams452@gmail.com>**

## LGP.ADAMS - Defendant's Discovery to Plaintiff

**ericadams452** <ericadams452@gmail.com>                                    Tue, Oct 22, 2024 at 11:41 AM
To: "Jeffrey R. Scheese" <jrs@rclawllp.com>

Good afternoon,

I will be available on Monday, 04 Nov.  I've attached a letter in efforts to come to a mutual understanding regarding the discovery requests that I've made.  I intend to file a motion to compel discovery if we cannot come to an agreement.
[Quoted text hidden]

 **Untitled document-1.pdf**
66K

## MEET AND CONFER

I've received your responses to my discovery requests and have noticed that you have objected to a majority of my requests. This is an effort to confer in good faith before filing a motion to compel discovery. I will clarify my discovery request below if applicable. I'd also like to reiterate that the last set of interrogatories and production of documents were a revision to my first set in an effort to be more clear and direct.

Also, I'd like to take this chance to inform you that I did not receive any emails from Westlake at any time, nor did ever receive the "welcome packet", the letter from U.S. Auto Finance stating that Westlake would be taking over as the servicer, the letter claiming that my insurance policy had lapsed, or any of the alleged billing statements that were included in the documents. Further, the "Joint Venture Agreement" is heavily redacted and hard to follow. Can you produce a non-redacted copy of the document?

### INTERROGATORIES

Interrogatory No.1: This interrogatory contained a typo. I was requesting the "duties of the employee," and not the "duties of the employer." Pursuant to Federal Rule of Civil Procedure 33, the interrogatories must be answered by the party to whom they are directed or by any officer or agent who must furnish the information available to the party. It appears that these interrogatories were answered by Counsel for Westlake, which would go against the Federal Rules of Civil Procedure. Further, there is no signature present for John Schwartz.

Interrogatory No. 2: This request was made in effort to verify each assignment or transfer of my "RISC" along with the dates and names of each entity involved in those assignments or transfers. A complete chain of title is directly related to both parties' claims or defense.

Interrogatory No. 3: Westlake has failed to provide a complete chain of title for my "RISC", and I am in need of documentary evidence that shows Westlakes authority to collect on my alleged debt specifically.

Interrogatory No. 5: The current holder of the "RISC" is directly relevant to this case because Westlake is counter suing me for this alleged contract. When the contract was received and from whom is directly related to both parties claims and defense.

Interrogatory No. 6: The payment history provided does not address the dates specified in the interrogatory nor is it a complete record of the payment history.

Interrogatory No. 7: This interrogatory contained a typo. I am requesting specific documents, exhibits, or tangible items you possess to show the assignment, transfer, or sale of my specific debt (and not any

other debt) or loan or indebtedness that took place between the Defendant and any other entity along with the dates of each assignment, transfer or sale. This is directly related to both parties' claims or defenses.

Interrogatory No. 9: The payment history provided does not address the dates specified in the interrogatory nor is it a complete record of the payment history.

Interrogatory No. 11 of the first set of Interrogatories: I'm requesting the signed documentation from U.S. Auto Finance, Inc to Westlake giving Westlake the authority to collect on the alleged remaining balance of the "RISC" in question. A complete chain of title is directly related to both parties' claims or defense.

Interrogatory No. 12 of the first set of Interrogatories: To clarify, I'm trying to confirm whether or not Westlake has the right to collect on the "RISC". I am still without proof that Westlake has the right to collect.

Interrogatory No. 14 of the first set of Interrogatories: I have the right to cross examine any witnesses. This information is relevant to both parties' claims and defenses.

Interrogatory No. 15 of the first set of Interrogatories: This request is not argumentative. I am seeking information directly related to my claim. I have the right to cross examine any witnesses.

Interrogatory No. 16 of the first set of Interrogatories: To clarify, did a live agent dial my phone number in an attempt to collect on the "RISC?"

## PRODUCTION OF DOCUMENTS

Request for production No. 1: Westlake has failed to provide a complete chain of title for my "RISC", and I am in need of documentary evidence that shows Westlakes authority to collect on my alleged debt specifically. A complete chain of title is directly related to both parties' claims or defense.

Request for production No. 2: Westlake has failed to provide a complete chain of title for my "RISC", and I am in need of documentary evidence that shows Westlakes authority to collect on my alleged debt specifically. A complete chain of title is directly related to both parties' claims or defense.

Request for production No. 3: This request had not been made previously and should not be considered duplicative. Furthermore, I am in need of documentary evidence that shows Westlakes authority to collect on my alleged debt specifically. A complete chain of title  is directly related to both parties' claims or defense.

Request for production No. 4: Westlake is required to show with a preponderance of evidence that the violations of the FDCPA were not intentional and the result of a "bona fide error."

Request for production No. 8: I am requesting all of the account level documentation for the alleged debt in question.

Request for production No. 11: Lisa Wilson's name is on the paperwork assigning the "RISC" from U.S. Auto Sales, INC to U.S. Auto Finance, INC. Documentation in reference to her role and authority is relevant to the case.

Request for production No. 14:  I am in need of documentary evidence that shows Westlakes authority to collect on my alleged debt specifically and the agreement between U.S. Auto Finance, INC and Westlake granting the servicing rights over the alleged debt in question. Westlake is seeking damages, Westlake needs to prove that amount. A complete chain of title  is directly related to both parties' claims or defenses.

Request for production No. 16:  There were no account notes attached.

Request for production No. 19:  This request directly relates to the validity of the "RISC" that Westlake is attempting to collect on. It also directly relates to both parties' claims and defenses as my DOWC service contract was canceled by DOWC therefore invalidating the "RISC." The alleged "Joint Venture Agreement"  does not address the request at hand and an active warranty on the alleged contract is relevant to the case.

Best,

    Eric Lee Adams Jr.,
    Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC ADAMS,                          )
                                     )      Civil Action No:
                    Plaintiff,       )      1:23-cv-04295-ELR-RDC
                                     )
vs.                                  )
                                     )
WESTLAKE PORTFOLIO                   )
MANAGEMENT, LLC,                     )
                                     )
                    Defendant.       )

## DEFENDANT WESTLAKE PORTFOLIO MANAGEMENT, LLC'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

Defendant Westlake Portfolio Management, LLC's ("Westlake"), pursuant to Rule 33, responds to Plaintiff Eric Adams' ("Plaintiff") Interrogatories as follows:

**Interrogatory No. 1:** Please identify each and every individual who assisted in answering these discovery requests and state each individual's full name, social security number, home address, business address, telephone number(s), occupation, employer, position with employer, duties for said employer, and date of birth.

**Response:** Westlake objects to Plaintiff's request(s) for Social Security numbers, home addresses, "duties for said employer," and dates of birth as this information is not relevant to any party's claim or defense, is overly broad, unduly burdensome, and contravenes this Court's directives concerning discovery. *See* FED.

CASE NO.: 23-cv-04295-ELR-RDC

R. Civ. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4, *generally* and ¶ 9].

*See* below signature block of undersigned counsel and Westlake's verification of these interrogatories.

**Interrogatory No. 2:** Identify the location of the original Retail Installment Contract in this case at all times from the date of origination to the present including the name of each entity possessing the documents in the Chain of Title.

**Response:** Westlake objects to this interrogatory to the extent it uses the phrase "at all times" as this language is overly broad, unduly burdensome, and contravenes this Court's directives concerning discovery. Moreover, this request is argumentative, and seeks information that is not relevant to any party's claim or defense. *See* FED. R. Civ. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4] ("Argumentative or catch-all requests, such as 'all documents which support your claims/defenses,' are objectionable.").

**Interrogatory No. 3:** Identify each entity that owned or serviced or was assigned the debt that is the subject of this lawsuit. For each entity, state the name and address of the servicer, owner or assignor and assignee and the time period during which it acted as servicer AND the account number on the loan when each servicer serviced the debt.

2

CASE NO.: 23-cv-04295-ELR-RDC

**Response:** On January 7, 2023, U.S. Auto Sales, Inc. immediately assigned the retail sales installment contract ("RISC") to U.S. Auto Finance, Inc. On or about May 22, 2023, Westlake was assigned servicing rights for with the RISC.

**Interrogatory No. 4:** List each entity who now has or has ever had any interest in the debt, including but not limited to, any broker, trustee, investor, trustee under a pooling and servicing agreement, master servicer, primary servicer, sub-servicer, default servicer, specialty servicer, or any similar party. Identify each party's name, address, and telephone number, describe each party's interest in the transaction, state the date it obtained that interest, the date it relinquished that interest, and the identity of the entity to which it relinquished that interest, and state the nature and amount of all consideration it received or disbursed in connection with obtaining or relinquishing that interest.

**Response:** Westlake objects to this interrogatory as it is overly broad, unduly burdensome, and contravenes this Court's directives concerning discovery. Moreover, this catch-all interrogatory is argumentative, repetitive, and seeks information that is not relevant to any party's claim or defense. *See* FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4].

**Interrogatory No. 5:** Please identify the current holder of the CONTRACT in this case and when the contract was received and from whom.

3

CASE NO.: 23-cv-04295-ELR-RDC

**Response:** Westlake objects to this interrogatory as it is argumentative, repetitive, and contravenes this Court's directives concerning discovery. *See* Guidelines for Discovery and Motion Practice [ECF No. 4].

Westlake is the current servicer of the RISC as of May 22, 2023, pursuant to an agreement with U.S. Auto Finance, Inc., and other U.S. Auto-related entities.

**Interrogatory No. 6:** Please identify with particularity, including the date, time, and contact person every payment made by the Plaintiff.

**Response:** Westlake objects to this Interrogatory as vague and unintelligible. Westlake further objects to the extent it seeks the "contact person" for each payment made by Plaintiff, which is not relevant to any party's claim or defense. *See* FED. R. CIV. P. 26. Pursuant to Rule 33(d), Westlake refers Plaintiff to the payment history produced with these responses.

**Interrogatory No. 7:** Where is Lisa Wilson located so that she can be deposed by zoom and who does she work for?

**Response:** Westlake does not have this information.

**Interrogatory No. 8:** Regarding the Retail Installment Contract mentioned in the Defendant's Counterclaim, please identify each and every document, exhibit, or tangible item you possess to show that assignment, transfer, or sale of the SPECIFIC debt (and not any other debt) or loan or indebtedness that took place between the Defendant and any other entity and the dates the took place or occurred.

4

CASE NO.: 23-cv-04295-ELR-RDC

**Response:** Westlake objects to this Interrogatory to the extent it uses the phrase "each and every document" as this language is overly broad, unduly burdensome, and contravenes this Court's directives concerning discovery. Moreover, this catch-all request is argumentative, and seeks information that is not relevant to any party's claim or defense. *See* FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4] ("Argumentative or catch-all requests, such as 'all documents which support your claims/defenses,' are objectionable.").

**Interrogatory No. 9:** Please state the specific date and in what form (check, cash, or electronic payment) that last payment was received on the subject debt and who (and address) received this payment. Please identify the written proof of this happening.

**Response:** Pursuant to Rule 33(d), Westlake directs Plaintiff to the account specific documents produced in its document production.

**Interrogatory No. 10:** Please state every secured trust, ABS that is connected to the debt of the Plaintiff.

**Response:** Westlake objects to this Interrogatory to the extent it uses the word "every" as this language is overly broad, unduly burdensome, and contravenes this Court's directives concerning discovery. Moreover, this catch-all request is argumentative, and seeks information that is not relevant to any party's claim or defense. *See* FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF

5

CASE NO.: 23-cv-04295-ELR-RDC

No. 4] ("Argumentative or catch-all requests, such as 'all documents which support your claims/defenses,' are objectionable.").

**Interrogatory No. 11:** Please state the date of every assignment, sale, or transfer of the debt from the Original Lender to as secured trust, ABS or SLABS. ***Please do not just point to a pool of debts, numerous debts not part of the lawsuit here. Plaintiff requests all the dates of all the assignments, transfers and/or sale documents evidencing every sale, assignment or transfer of the SPECIFIC DEBT OF THE PLAINTIFF ONLY.

**Response:** Westlake objects to this Interrogatory to the extent it uses the word "every" as this language is overly broad, unduly burdensome, and contravenes this Court's directives concerning discovery. Moreover, this request is vague, duplicative, argumentative, and seeks information that is not relevant to any party's claim or defense. *See* FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4] ("Argumentative or catch-all requests, such as 'all documents which support your claims/defenses,' are objectionable.").

**Interrogatory No. 12:** Does Westlake own the 1) debt or 2) evidence of indebtedness or 3) the receivables or all three rights and please identify the document that shows evidence of response to this interrogatory with both Westlake Portfolio Management, LLC and all owning entities' signatures on it.

6

CASE NO.: 23-cv-04295-ELR-RDC

**Response:** Westlake objects to this Interrogatory as it is vague, argumentative, and seeks information that is not relevant to any party's claim or defense and contravenes this Court's directives concerning discovery. *See* FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4] ("Argumentative or catch-all requests, such as 'all documents which support your claims/defenses,' are objectionable.").

**Interrogatory No. 13:** Please name the person that contributed to writing the counterclaim in this case and what they relied upon in creating the pleadings.

**Response:** The counterclaim was drafted by counsel for Westlake relying upon the RISC, payment history, account documents, and correspondence produced with these responses.

**Interrogatory:** Please state the name of the individual or individuals who witnessed the signing of all assignments in this case and provide their contact information for a deposition.

**Response:** Westlake objects to this Interrogatory as it is vague, argumentative, and seeks information that is not relevant to any party's claim or defense and contravenes this Court's directives concerning discovery. *See* FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4] ("Argumentative or catch-all requests, such as 'all documents which support your claims/defenses,' are objectionable.").

7

CASE NO.: 23-cv-04295-ELR-RDC

**Interrogatory No. 15:** Please provide the names and locations of each employee of Westlake Portfolio Management, LLC employee who placed a phone call to the Plaintiff's cell phone and the reason for their call.

**Response:** Westlake objects to this Interrogatory as it is argumentative and seeking information that is not relevant to any party's claim or defense. Further, this interrogatory contravenes this Court's directives concerning discovery. *See* FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4].

**Interrogatory No. 16:** Please explain the process of how the phone calls were made by each employee that called the Plaintiff's cell phone.

**Response:** Westlake objects to this Interrogatory as vague and ambiguous as to "the process of how the phone calls were made" and therefore is unable to provide a substantive response.

**Interrogatory No. 17:** Please explain why Defendant continued to have its employees make phone calls to the Plaintiff's cell phone after being told to cease and desist.

**Response:** Westlake did not continue to make calls to Plaintiff's cell phone after being told to cease and desist.

Respectfully submitted this 23rd day of August, 2024.

RUTHERFORD & CHRISTIE LLP

*/s/ Jeffrey R. Scheese*

CASE NO.: 23-cv-04295-ELR-RDC

> Carrie L. Christie
> Georgia State Bar No. 125248
> Jeffrey R. Scheese
> Georgia State Bar No. 432753
> *Attorneys for Defendant Westlake Portfolio Management, LLC*

Rutherford & Christie LLP
285 Peachtree Center Avenue NE
Marquis II, Suite 1650
Atlanta, GA 30303
info@rclawllp.com

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC ADAMS, | ) | |
| | ) | Civil Action No: |
| Plaintiff, | ) | 1:23-cv-04295-ELR-RDC |
| | ) | |
| vs. | ) | |
| | ) | |
| WESTLAKE PORTFOLIO | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT WESTLAKE PORTFOLIO MANAGEMENT, LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Westlake Portfolio Management, LLC ("Westlake"), pursuant to Rule 33, responds to Plaintiff Eric Adams' ("Plaintiff") Second Set of Interrogatories as follows:

**Interrogatory No. 1:** Please identify the individuals who assisted in answering these discovery requests and state each individual's full name, business address, telephone number(s), occupation, employer, position with employer, duties for said employer, date of birth.

**Response:** Westlake objects to Plaintiff's request for "duties for said employer," and dates of birth as this request is not relevant to any party's claim or defense, is overly broad, unduly burdensome, and contravenes this Court's directives

concerning discovery. *See* FED. R. CIV. P. 26; Guidelines for Discovery and Motion Practice [ECF No. 4, *generally* and ¶ 9]. See signature block of undersigned counsel and Westlake's Senior Legal Analyst, John Schwartz.

**Interrogatory No. 2:** Identify the location of the original Retail Installment Contract in this case from the date of origination to the present including the name of each entity possessing the documents in the Chain of Title.

**Response**: Westlake objects to this interrogatory as it is overly broad, unduly burdensome and seeks information that is not relevant to any party's claim or defense.

**Interrogatory No. 3:** List each entity who now has or has ever had any interest in the debt, including but not limited to, any broker, trustee, investor, trustee under a pooling and servicing agreement, master servicer, primary servicer, sub-servicer, default servicer, specialty servicer, or any similar party. Identify each party's name, address, and telephone number, describe each party's interest in the transaction, state the date it obtained that interest, the date it relinquished that interest, and the identity of the entity to which it relinquished that interest, and state the nature and amount of all consideration it received or disbursed in connection with obtaining or relinquishing that interest.

**Response:** Westlake objects to this interrogatory as it is overly broad, unduly burdensome, and not proportional to the needs of the case and contravenes this

2

Court's directives concerning discovery. *See* Guidelines for Discovery and Motion Practice [ECF No. 4].

**Interrogatory No. 5**[1]**:** Please identify the current holder of the CONTRACT in this case and when the contract was received and from whom.

**Response:** Westlake objects to this interrogatory as it is overly broad, unduly burdensome and seeks information that is not relevant to any party's claim or defense.

**Interrogatory No. 6:** Please identify with particularity, including the date, time, of each payment made by the plaintiff from 07 January 2023. Please include the name of the representative responsible for handling said payments.

**Response:** Pursuant to Rule 33(d), see the payment history.

**Interrogatory No. 7:** Where is Lisa Wilson located so that she can be deposed by zoom and who does she work for?

**Response:** Westlake objects to this interrogatory as repetitive of Plaintiff's prior interrogatories. Westlake does not have this information.

**Interrogatory No. 8:** Regarding the Retail Installment Contract mentioned in the Defendant's Counterclaim, please identify the specific documents, exhibits, or tangible items you possess to show that assignment, transfer, or sale of the

---

[1] Plaintiff's Second Set of Interrogatories omits an Interrogatory No. 4.

3

SPECIFIC debt (and not any other debt) or loan or indebtedness that took place between the Defendant and any other entity and the dates the took place or occurred.

**Response:** Westlake objects to this interrogatory because it is overly broad, unduly burdensome, and contravenes this Court's directives concerning discovery. *See* Guidelines for Discovery and Motion Practice [ECF No. 4].

**Interrogatory No. 9:** Please state the specific date and in what form (check, cash, or electronic payment) that last payment was received on the subject debt and who (and address) received this payment. Please identify the written proof of this happening.

**Response:** Pursuant to Rule 33(d), see the payment history.

**Interrogatory No. 10:** Please identify the specific secured trust, ABS that is connected to the debt of the Plaintiff.

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

**Interrogatory No. 11:** Please state the date of the assignment, sale, or transfer of the debt from the Original Lender to a secured trust, ABS or SLABS. ***Please do not just point to a pool of debts, numerous debts not part of the lawsuit here. Plaintiff requests all the dates of all the assignments, transfers and/or sale documents

4

evidencing every sale, assignment or transfer of the SPECIFIC DEBT OF THE PLAINTIFF ONLY.

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

**Interrogatory No. 12:** Does Westlake own the 1) debt or 2) evidence of indebtedness or 3) the receivables or the three rights combined?

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

**Interrogatory No. 13:** Please identify the document that shows evidence of response to this interrogatory with both Westlake Portfolio Management, LLC and all owning entities' signatures on it.

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

5

**Interrogatory No. 14:** Please name the person that contributed to writing the counterclaim in this case and what they relied upon in creating the pleadings.

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

**Interrogatory No. 15:** Please state the name of the individual or individuals who witnessed the signing of the assignments in this case and provide their contact information for a deposition.

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

**Interrogatory No.16:** Please provide the names and locations of the employees of Westlake Portfolio Management, LLC who placed a phone call to the Plaintiff's cell phone and the reason for their call.

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

6

**Interrogatory No. 17:** Please provide the name of the dialing system used by Westlake Portfolio Management, LLC's employees to call the Plaintiff's cell phone between May 2023 and September 2023.

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

**Interrogatory No. 18:** Please explain why Defendant continued to have its employees make phone calls to the Plaintiff's cell phone despite receiving the Plaintiff's cease and desist letter requesting that they cease and desist on 17 July 2023. See United States Postal Service tracking number #9214890142980486217658.

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

**Interrogatory No. 19:** Please identify the reasons why Westlake Portfolio Management, LLC unilaterally changed out the DOWC warranty service contract included in the original Retail Installment Sales Contract between the Plaintiff and U.S. Auto Sales, INC for another warranty service contract.

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

**Interrogatory No. 20:** Please identify whether or not the Plaintiff was notified of the changes made to the contract by Westlake Portfolio Management, LLC. Why or why not?

**Response:** Westlake objects to this interrogatory because it exceeds the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff previously propounded 17 interrogatories to Westlake. Westlake further objects to this interrogatory as it is overly broad and unduly burdensome.

This 10th day of October, 2024.

RUTHERFORD & CHRISTIE LLP

*/s/ Jeffrey R. Scheese*
Carrie L. Christie
Georgia State Bar No. 125248
Jeffrey R. Scheese
Georgia State Bar No. 432753
*Counsel for Defendant*

285 Peachtree Center Avenue NE
Marquis Two Suite 1650
Atlanta, Georgia 30303
404-522-6888
info@rclawllp.com

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC ADAMS, | ) | |
| | ) | Civil Action No: |
| Plaintiff, | ) | 1:23-cv-04295-ELR-RDC |
| | ) | |
| vs. | ) | |
| | ) | |
| WESTLAKE PORTFOLIO | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT WESTLAKE PORTFOLIO MANAGEMENT, LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

Defendant Westlake Portfolio Management, LLC ("Westlake"), pursuant to Rule 34, responds to Plaintiff Eric Adams's ("Plaintiff") Second Request for Production as follows:

**Request for Production No. 1:** The SPECIFIC assignment or transfer of the debt from the original creditor U.S. Auto Sales, INC. to U.S. Auto Finance, INC with the account number of the debt in the assignment and name of the Plaintiff in the assignment and the date of assignment along with the documentation authorizing the parties to commence said assignment or transfer.

**Response:** Westlake objects to this request as it is harassing and duplicative of Plaintiff's first previous request for production. Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

**Request for Production No. 2:** Please provide the SPECIFIC transfer, assignment, or sales documents along with the dates showing the transfer, assignment, or sale of the subject debt in this case between U.S. Auto Finance, INC, U.S. Auto Warehouse-003, LLC, and Westlake Portfolio Management, LLC along with the documentation authorizing the parties to commence said assignment or transfer.

**Response:** Westlake objects to this request as it is harassing and duplicative of Plaintiff's previous request for production. Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

**Request for Production No. 3:** Alternatively, provide the SPECIFIC transfer, assignment, or sales documents and dates showing the sale of the subject debt between U.S. Auto Finance INC., Midcap Financial Trust and Westlake Portfolio Management, LLC along with the documentation authorizing the parties to commence said transfer, sale, or assignment.

**Response:** Westlake objects to this request as it is harassing and duplicative of Plaintiff's previous request for production. Westlake further objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

**Request for Production No 4:** Please provide a copy of the Fair Debt Collection Practices Act Compliance training certifications of each employee who had contact with the account assigned to the subject debt in question.

**Response:** Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

**Request for Production 5:** Please provide a copy of the contract that you allege exists between you and the Plaintiff.

**Response:** *See* Motor Vehicle Retail Installment Sales Contract.

**Request for Production No 6:** Please provide the telephone compliance training certifications of each employee who had contact with the account assigned to subject debt in question.

**Response:** Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

**Request for Production No 7:** Please provide the COMPLETE payment history for the subject debt in question from 07 January 2023 to the present.

**Response:** See previously produced payment history.

3

**Request for Production No. 8:** Please provide a full and complete copy of the collection notes, reports, memos, statements, entries, data records, computer records, collection contacts, collection reports or other documents generated in the collection of the specific debt in question.

**Response:** Westlake objects to this Request as it is overly broad, unduly burdensome, and goes against this Court's directives concerning discovery. See previously produced account records.

**Request for Production No. 9:** Please provide any and all documents that provide a basis of proof that Plaintiff owes a specific amount of money to Westlake Portfolio Management, LLC in the lawsuit in this case.

**Response:** Westlake objects to this Request as it is overly broad, unduly burdensome, and goes against this Court's directives concerning discovery. See the Motor Vehicle Retail Installment Sales Contract and the payment history.

**Request for Production No. 10:** Please provide all documents showing the chain of title of the SPECIFIC DEBT from the Original Creditor to the Defendant plans to introduce at trial.

**Response:** Westlake objects to this request as it is harassing and duplicative of Plaintiff's previous request for production. Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

4

**Request for Production No. 11:** Please provide the documentation showing who Lisa Wilson was employed by on January 7, 2023. Please include the documentation authorizing Lisa Wilson to commence the assignment between U.S. Auto Sales, Inc. to U. S. Auto Finance, INC.

**Response:** Westlake objects to this request as it is harassing and duplicative of Plaintiff's previous request for production. Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

**Request for Production No. 12:** Please produce the name of the second party involved in the assignment of the debt in question from U.S. Auto Sales, INC to U.S. Auto Finance, INC along with the documentation authorizing the above-mentioned assignment.

**Response:** Westlake objects to this request because it is actually an interrogatory and Plaintiff has already propounded 25 interrogatories authorized by Rule 33 of the Federal Rules of Civil Procedure. To the extent that this request seeks documents, Westlake objects to this request as it is harassing and duplicative of Plaintiff's previous request for production. Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case.

5

**Request for Production No. 13:** Please provide the payment history of the payments made to the DOWC for service contract VSCUSA 214031 by U.S. Auto Finance, INC. on behalf of the Plaintiff.

**Response:** Westlake does not possess the requested documents.

**Request for Production No. 14:** Please provide the Forward Flow Agreement between U.S. Auto Finance, INC and Westlake Portfolio Management, LLC showing the specific account/debt of the Plaintiff.

**Response:** Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not relevant to the needs of the case.

**Request for Production No. 15:** Please provide the document where Westlake Portfolio Management, LLC informed the Plaintiff that they are the servicer of the debt in question and not a debt collector.

**Response:** Westlake objects to this request as it is argumentative and vague. Westlake has previously produced all correspondence between it and Plaintiff, including its notification to Plaintiff that it is the servicer of the debt in question.

**Request for Production No. 16:** Please provide the call records for the phone calls placed to the Plaintiff's cell phone by Westlake Portfolio Management, LLC employees between May 2023 and September 2023.

**Response:** See account notes.

6

**Request for Production No. 17:** Please provide a copy of the initial servicer disclosures that Westlake Portfolio Management, LLC was required to make pursuant to Georgia Law regarding the specific debt of the Plaintiff along with the tracking number.

**Response:** Westlake objects to the is request as vague, ambiguous, and argumentative. Westlake has previously produced all correspondence between it and Plaintiff.

**Request for Production No. 18:** Please provide the documentation authorizing Westlake Portfolio Management, LLC to unilaterally change the contract entered into by the Plaintiff and U.S. Auto Sales, INC. Please include the mutual assent given by both parties.

**Response:** Westlake did not "unilaterally change the contract" between Plaintiff and U.S. Auto Sales, Inc., and thus it has no responsive documents.

**Request for Production No. 19:** Please provide the warranty service contract that Westlake Portfolio Management, LLC swapped with the DOWC warranty service contract associated with the original contract between the Plaintiff and U.S. Auto Sales, INC.

**Response:** Westlake objects to this request as it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case. Notwithstanding the foregoing, Westlake will produce the Joint Venture Agreement.

7

This 10th day of October, 2024.

RUTHERFORD & CHRISTIE LLP

/s/ *Jeffrey R. Scheese*
Carrie L. Christie
Georgia State Bar No. 125248
Jeffrey R. Scheese
Georgia State Bar No. 432753
*Counsel for Defendant*

285 Peachtree Center Avenue NE
Marquis Two Suite 1650
Atlanta, Georgia 30303
404-522-6888
info@rclawllp.com

8