IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>WESTLAKE PORTFOLIO<br>MANAGEMENT, LLC,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:23-cv-04295-ELR-RDC |

### ORDER

Plaintiff, who is proceeding *pro se*, has moved to compel certain discovery responses in this consumer-credit case. (Doc. 56). The motion is **GRANTED IN PART and DENIED IN PART**.[1]

As things currently stand, Plaintiff has three active claims. *See* (Docs. 11, 20, 22). He plausibly alleges that:

1. Defendant violated § 1692c(c) of the Fair Debt Collection Practices Act ("FDCPA") because it repeatedly called him on the phone after receiving a cease-and-desist letter. (Doc. 20 at 9–11).

---

[1] Defendant correctly points out that Plaintiff failed to comply with the undersigned's Discovery Guidelines because there is no indication he attempted to confer with Defendant by phone or in person prior to filing his motion to compel, nor did he contact the undersigned's chambers to arrange a possible teleconference. *See* (Doc. 4 ¶ 12). Given Plaintiff's *pro se* status, the undersigned elects not to impose any sanction at this time; however, Plaintiff is advised that he must comply with the Federal Rules, Local Rules, and Orders entered in this case going forward.

2. Defendant violated § 1692d(5) of the FDCPA because it repeatedly called and texted him on the phone before and after receiving a cease-and-desist letter. (*Id.* at 12–15)

3. Defendant violated the Telephone Consumer Protection Act ("TCPA") because it called his cell phone using an automatic telephone dialing system ("ATDS") or pre-recorded voice without his prior express consent. (*Id.* at 22–24).

However, much of the information that Plaintiff has requested is beyond the scope of these claims.

Federal Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In other words, the scope of discovery in any given case must be tailored to the specific claims and defenses presented. Here, Plaintiff has apparently requested, through interrogatories and requests for production, information concerning the location of the underlying contract (a vehicle loan), the current holder of the contract, the contract's transfer history and assignment documents, the ownership status of the debt, and the names of any entities that have ever had an interest in the debt. (Doc. 56 at 4–15). This information is not relevant to Plaintiff's federal statutory claims.

In simple terms, in order to prevail, Plaintiff must be able to convince a jury that Defendant repeatedly called him after receiving a cease-and-desist letter, that the company intended to harass him, and that it called his cell phone using certain automated technology

without consent. Those claims do not implicate the requested information described above. That said, insofar as Defendant must rely on such information to establish its own counterclaim (breach of contract), then Plaintiff is free to point out in summary-judgment briefing that Defendant failed to present or disclose such information. The undersigned will then address the matter as appropriate.

Moving on, Plaintiff has also requested some information that is in fact relevant to the alleged misconduct underlying his claims—namely, Defendant's repeated phone calls and texts. Defendant indicates that it has already produced some responsive discovery and attempted to confer with Plaintiff to discuss additional information. In any case, after review, the undersigned **ORDERS** Defendant to produce information and supporting documentation related to the following:

1. The time, date, and duration (as applicable) of any phone calls or texts made by Defendant to Plaintiff's phone number(s) between June 10, 2023 and August 28, 2023, plus confirmation as to whether such contact was made using either an ATDS or pre-recorded voice.

2. All recordings made by Defendant of such phone calls to Plaintiff's phone number(s) during this same period.

3. All notations made by Defendant on Plaintiff's account in connection with the servicing of his debt.

Because the discovery period is currently scheduled to close today, December 18, 2024, the undersigned hereby **EXTENDS** the discovery period through **JANUARY 3, 2025** to give Defendant adequate time to comply. The parties have not raised any additional

3

discovery issues, however, so the extended discovery period shall be limited solely to disclosure of the above-described items.

      IT IS SO **ORDERED** on this 18th day of December 2024.

                                          REGINA D. CANNON
                                          United States Magistrate Judge